IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
NOV -3 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| CONTINENTAL AIRLINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv0770 (CMH/JFA) |
| ) | |
| CONTINENTALAIR.COM, ) | |
| an Internet domain name, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 8). In this *in rem* action involving the domain name <continentalair.com>, the plaintiff Continental Airlines, Inc. ("Continental Airlines") seeks a default judgment ordering that the registry for the defendant domain name transfer the defendant domain name to a registrar who will transfer the registration for the defendant domain name to Continental Airlines. Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On July 13, 2009, Continental Airlines filed a verified complaint alleging a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). (Docket no. 1). On August 20, 2009, Continental Airlines filed a motion for an Order concerning ACPA notice. (Docket no. 4). On September 4, 2009, an Order was entered directing Continental Airlines to provide notice of this action by publication in accordance with the ACPA. (Docket

no. 7). On October 14, 2009, Continental Airlines filed a motion for default judgment along with an affidavit and a declaration describing compliance with the Order directing publication of notice of this action. (Docket no. 8, Exs. A, B). Other than the claim made by Continental Airlines, no response, claim, or other pleading has been filed by anyone asserting any right or claim to the defendant domain name. On October 19, 2009, the court issued an Order requiring Continental Airlines to obtain entry of a default from the Clerk as required by Fed. R. Civ. P. 55(a) before proceeding on its motion for a default judgment. (Docket no. 10). On October 20, 2009, Continental Airlines filed its request for entry of default. (Docket no. 11). The Clerk's Entry of Default against the defendant domain name was entered on October 21, 2009. (Docket no. 12). On October 21, 2009, Continental Airlines noticed its motion for default judgment for a hearing on October 30, 2009. (Docket no. 13). On October 30, 2009, counsel for Continental Airlines appeared at the hearing on the motion for default judgment before the undersigned magistrate judge and no claimant appeared on behalf of the defendant domain name.

### Factual Background

The following facts are established by the complaint (Docket no. 1), the brief in support of Continental Airlines' motion for an Order concerning ACPA notice (Docket no. 5), and the motion for default judgment (Docket no. 8) with its affidavit of publication from Carl S. Johnson ("Johnson Aff.") and its supporting declaration of Robert McAughan, Jr. ("McAughan Decl."). Continental Airlines is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1600 Smith Street, Houston, Texas 77002. (Compl. ¶ 2). The defendant domain name <continentalair.com> is registered to "Jim". (Compl. ¶ 4). Continental Airlines asserts that "Jim" is a resident of South Korea. (Compl. ¶ 4). The current registrar for the defendant domain name is Hangang Systems, Inc. d/b/a doregi.com

("Hangang Systems") located in South Korea. (Compl. ¶ 4). The address provided by the registrant to Hangang Systems, as listed in the domain name registration for <continentalair.com>, is 101 Guro 6(yuk)-dong Guro-gu, Seoul, South Korea. (Compl. ¶ 4). Continental Airlines believes that "Jim" may not be the actual legal name of the current registrant and that the actual name of the registrant is Jin-su Yun. (Compl. ¶ 30). As of March 25, 2009, the registrant had listed "Jim Yoon" as the administrative, technical, and billing contacts for the domain name <continentalair.com>. (Compl. ¶ 58). As of at least April 2, 2009, the registrant altered the listing to note "Continental Air, Inc." as the administrative, technical, and billing contacts for the domain name <continentalair.com>. (Compl. ¶ 58).

As alleged in the complaint, Continental Airlines is the world's fifth largest airline with more than 3,100 daily departures and more than 69 million passengers per year. (Compl. ¶ 9). Continental Airlines has won numerous awards for its operation and corporate culture. (Compl. ¶ 10). Continental Airlines owns a number of common law and registered trademarks used in the United States and throughout the world, including the mark "Continental" (U.S. Reg. No. 1,993,534) and the mark "Continental Airlines" (U.S. Reg. No. 2,288,901) (collectively, the "Continental Airlines Marks"). (Compl. ¶ 11). These registrations are valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. (Compl. ¶ 11). The Continental Airlines Marks have been in continuous use since 1937 and have acquired goodwill and wide public recognition of their association with the services provided by Continental Airlines and with Continental Airlines itself. (Compl. ¶ 12). Continental Airlines also owns domain name registrations for two domains incorporating the Continental Airlines Marks: <continental.com> and <continentalairlines.com> (collectively, the "Continental Airlines Domains"). (Compl. ¶ 13).

Continental Airlines generates over $15 billion dollars in operating revenue annually through its use of the Continental Airlines Marks in relation to its services. (Compl. ¶ 13). Continental Airlines has invested millions of dollars annually in advertising featuring the Continental Airlines Marks and prominently displaying the Continental Airlines Domains. (Compl. ¶ 13).

From at least June 4, 2008, the domain name <continentalair.com> has been linked through various domain name parking sites to other business sites selling airline tickets in competition with Continental Airlines. (Compl. ¶¶ 37-41). The website accessible under the domain name <continentalair.com> does not consist of the legal name of the registrant and is not otherwise commonly used to identify him. (Compl. ¶¶ 29-33). The registrant has no valid trademark or other intellectual property rights in the mark or domain name <continentalair.com> and <continentalair.com> does not consist of the registrant's legal name or in any way identify him. (Compl. ¶¶ 26-33). The registrant has not used <continentalair.com> in connection with the *bona fide* offering of any goods or services. (Compl. ¶ 34). Nor has the registrant used <continentalair.com> for *bona fide* noncommercial purposes or made a fair use of the domain name. (Compl. ¶ 50). As shown by a link displayed on <continentalair.com>, the registrant may be attempting to sell the domain name to any third party for financial gain. (Compl. ¶ 55).

On June 5, 2008, counsel for Continental Airlines sent a notice of violation to the registrant on behalf of Continental Airlines at the postal and e-mail addresses he provided to the South Korean registrar of <continentalair.com>, demanding the voluntary transfer of that domain name. (Docket no. 5, Ex. 2). Continental Airlines then initiated an arbitration proceeding under ICANN's uniform domain name dispute policy and on May 18, 2009, a panel of the National Arbitration Forum found that the <continentalair.com> domain name should be transferred to

Continental Airlines. (Docket no. 5 ¶ 4). Following the issuance of the arbitration decision, the registrar Hangang Systems indicated that it had received a legal document from the registrant indicating he had filed a legal proceeding in South Korea and that the domain name registration would not be transferred until ordered by a court. (Docket no. 5 ¶ 4). On July 20, 2009, Continental Airlines sent a letter and a copy of the complaint filed in this action to the registrant at both the postal and e-mail addresses provided in the registrar's WHOIS database and also to the registrant's South Korean counsel. (Docket no. 5 ¶ 5). Continental Airlines also sent a copy of the complaint to the registrant's South Korean counsel by facsimile. (Docket no. 5 ¶ 6). Pursuant to the court's September 4, 2009 Order, notice of this action was published in *The Washington Times* on September 17, 2009. (Docket no. 8, Ex. A).

As alleged in the complaint, the registrant has engaged in a pattern of registration of other domain names that are confusingly similar to others' distinctive or famous marks. (Compl. ¶¶ 60-64; see also, *SIRMAX s.p.a. v. Younghee Kim*, No. D2008-1021 (WIPO Forum, Sept. 30, 2008) (ordering transfer of <sirmax.com>); *Sylvia Browne Corp. v. Younghee Kim*, No. D2007-1715 (WIPO Forum, Jan. 29, 2008) (ordering transfer of <sylviabrownehypnosis.com>)).

Despite diligence on the part of Continental Airlines to notify the registrant of this action by mail, overnight courier, electronically, telephonically, and through publication in *The Washington Times*, no person has appeared or filed any pleading in this case in response to Continental Airlines' complaint.

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure of anyone to file a responsive pleading or claim

to the defendant domain name in a timely manner, the Clerk has entered a default. (Docket no. 12). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment. Continental Airlines' claims arise under the ACPA, 15 U.S.C. § 1125(d), and this court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

The court has *in rem* jurisdiction over the domain name <continentalair.com> under 15 U.S.C. § 1125(d)(2). The first required element for *in rem* jurisdiction over a domain name is satisfied when the domain name violates any right of the owner of a mark registered with the Patent and Trademark Office. *See* 15 U.S.C. § 1125(d)(2)(A)(i). Continental Airlines owns the federally-registered trademarks "Continental" and "Continental Airlines" and it claims that its rights in those marks are being violated by the registration and use of <continentalair.com>. The ACPA also conditions *in rem* jurisdiction upon a finding that the trademark owner: (a) is unable to obtain personal jurisdiction over a person who would otherwise be a defendant in a civil action under the ACPA; or (b) through due diligence cannot find the person who would have been a

defendant in such an action, having sent that person postal and electronic notice of both the alleged violation and the owner's intent to sue. *See* 15 U.S.C. § 1125(d)(2)(A)(ii). Continental Airlines is unable to obtain personal jurisdiction over the registrant, who otherwise would be the named defendant in this action, as it appears that the registrant is located in South Korea and he lacks the requisite minimum contacts with the United States.

Venue is proper in this district under 15 U.S.C. § 1125(d)(2)(C)(i), which places venue for an *in rem* ACPA action in the judicial district in which the domain name's registrar, registry, or other domain name authority that registered or assigned the domain name is located. VeriSign, Inc., which has offices in Dulles, Virginia, within this district and division, is the exclusive registry controlling all domain names in the generic .com top-level domain, including <continentalair.com>.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the defendant domain name and that venue is proper in this court.

## Service

On July 20, 2009, Continental Airlines sent a copy of the complaint to the registrant at both the postal and e-mail addresses provided in the registrar's WHOIS database, as well as to the registrant's Korean counsel. (Docket no. 5 ¶ 5). Copies of the complaint and notice were also sent by Federal Express. (Docket no. 5 ¶ 5). Continental Airlines was able to track the e-mails sent to the registrant using the Microsoft Office program. (Docket no. 5 ¶ 5). The tracking did not report that the e-mails were rejected or undelivered, but also did not confirm delivery of the e-mails. (Docket no. 5 ¶ 5). Continental Airlines also took the further step of transmitting a facsimile of the complaint to the registrant's Korean counsel. (Docket no. 5 ¶ 6). A

confirmation message from the registrant's Korean counsel's facsimile machine indicates that the facsimile was received by the registrant's Korean counsel. (Docket no. 5 ¶ 6).

Pursuant to the court's September 4, 2009 Order (Docket no. 7), Continental Airlines published notice of this action in *The Washington Times* on September 17, 2009. (Docket No. 8, Ex. A). As set forth in the Notice of Action, any person claiming an interest in the defendant domain name was required to file an answer or other response to the complaint within twenty (20) days from the date of the publication of the Order in *The Washington Times*. The twenty-day time period for filing an answer or claim expired on October 7, 2009.

The ACPA provides that service of process in an *in rem* action may be accomplished by sending a notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar and by publishing notice of the action as the court may direct promptly after filing the action. 15 U.S.C. § 1125(d)(2)(B). Continental Airlines has complied with these provisions and the undersigned recommends a finding that service of process has been accomplished in this action.

### Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), and as stated in the Notice of Action, anyone asserting a claim to the defendant domain name was required to file an answer or response with the Clerk by October 7, 2009. No responsive pleading was filed by either the named registrant or anyone else claiming ownership of the domain name and on October 14, 2009, the motion for default judgment was filed. (Docket no. 8). On October 20, 2009, Continental Airlines filed its request for entry of default (Docket no. 11) and the Clerk of the Court entered a default on October 21, 2009 (Docket no. 12). Upon obtaining default, Continental Airlines noticed the motion for default judgment for a hearing on October 30, 2009. (Docket no. 13). Continental Airlines

provided the registrant with notice of the filing of the motion for default judgment, the request for entry of default and the notice of the hearing on the motion for default judgment by Federal Express and electronic mail. (Docket nos. 8, 11 and 13).

The undersigned magistrate judge recommends a finding that notice of this *in rem* action was provided properly, that no one filed a responsive pleading or claim to the defendant domain name in a timely manner, and that the Clerk properly entered a default as to the defendant domain name <continentalair.com>.

## Liability and Relief Sought

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because no responsive pleading was filed, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). The relief sought in the complaint is the transfer of control of the defendant domain name from the current registrar (Hangang Systems) to another registrar (Network Solutions LLC) that will then provide for the transfer of the registration for the defendant domain name to Continental Airlines. The Notice that was published pursuant to the ACPA provided that one of the remedies available under the ACPA was the transfer of the domain name to the plaintiff in this action. (Docket no 8, Ex. A).[1]

---

[1] The complaint seeks the transfer of the defendant domain name and indicates in the title and the footer on each page that it is a "Verified Complaint for Injunctive Relief". However, the motion for default judgment included a request that the court make a finding that this is an exceptional case and award Continental Airlines its attorney's fees under 15 U.S.C. § 1117(a). Since neither the complaint nor the notice published in *The Washington Times* indicated that the plaintiff was seeking a finding that this is an exceptional case and an award of attorney's fees, the undersigned magistrate judge gave the plaintiff the option, during the hearing on the motion for default judgment, to file and serve an amended complaint to include that claim for relief or to proceed on the claim for injunctive relief in the complaint. Counsel for the plaintiff indicated a desire to proceed with the claim for injunctive relief contained in the complaint.

9

To state a claim under the ACPA, Continental Airlines must prove that <continentalair.com> and/or its registrant registered, trafficked in, or used a domain name with a bad faith intent to profit and that the domain name is either identical or confusingly similar to a distinctive mark owned by Continental Airlines, or, upon a finding that a mark owned by Continental Airlines is famous, that the domain is identical or confusingly similar to, or dilutive of, Continental Airlines' famous mark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). The registration of the Continental Airlines Marks on the Principal Register is *prima facie* evidence that the mark is at least descriptive and has acquired distinctiveness. *America Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 816 (4th Cir. 2001). Moreover, registration numbers 1,993,534 and 2,288,901 for the Continental Airlines Marks, which are incontestable under 15 U.S.C. § 1065, provide conclusive evidence of distinctiveness. 15 U.S.C. § 1115(b); *Park 'N Fly, Inc v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 196 (1985). Further, secondary meaning exists where there are extensive advertising expenditures, consumer studies linking a mark to a source, sales successes, unsolicited media coverage, attempts to plagiarize a mark, and where a mark has been used exclusively for an extended period of time. *See, e.g., Perini Corp. v. Perini Constr. Inc.*, 915 F.2d 121, 125 (4th Cir. 1990).

Here, Continental Airlines has been using the Continental Airlines Marks continuously in interstate commerce in connection with the promotion of its airline for at least 70 years. (Compl. ¶ 12). Continental Airlines has invested substantially in advertising, marketing, and promoting its services under the Continental Airlines Marks and has extensively used the marks in channels of trade, including through the Continental Airlines Domains. (Compl. ¶ 11-13). Through Continental Airlines' considerable investment in the Continental Airlines Marks, Continental

Airlines has achieved significant sales and revenue. (Compl. ¶ 13). Accordingly, the Continental Airlines Marks are widely recognized by consumers throughout the United States and abroad as source designations for services emanating from Continental Airlines and are therefore famous marks within the meaning of 15 U.S.C. § 1125(c)(2)(A). For these reasons the undersigned magistrate judge recommends a finding that the Continental Airlines Marks are distinctive and famous.

The next consideration is whether <continentalair.com> is identical or confusingly similar to, or dilutive of, the Continental Airlines Marks. Based on the uncontested allegations in the complaint, the undersigned magistrate judge recommends a finding that <continentalair.com> is confusingly similar to the Continental Airlines Marks. The registration and use of <continentalair.com> is likely to cause confusion among the public, including customers of Continental Airlines, because the "dominant or salient portions" of the Continental Airlines Marks and <continentalair.com> are identical. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 936 (4th Cir. 1995). Accordingly, "a finding of likelihood of confusion is appropriate despite the fact that collateral portions of the mark may differ." *Atlas Copco AB v. Atlascopcoiran.com*, 533 F. Supp. 2d 610, 614 (E.D. Va. 2008) (finding that the addition of generic geographic terms to plaintiff's registered mark did not distinguish the defendant domain names from the registered marks) ("An internet user might reasonably assume that the geographic term 'CASPIAN' and 'IRAN' were added to the ATLAS COPCO trademark by the Plaintiffs to identify its geographic location.").

The undersigned magistrate judge also recommends a finding that <continentalair.com> is dilutive of the Continental Airlines Marks. As noted above, the facts presented by Continental Airlines support a finding that the Continental Airlines Marks are famous. Where a plaintiff's

famous trademarks are used in a domain name, courts have found dilution as a matter of law. *See Aztar Corp. v. MGM Casino*, No. 00-833-A, 2001 WL 939070, at *4 (E.D. Va. April 9, 2001) (finding that the domain <tropicanacasino.com> diluted plaintiff's registered TROPICANA mark). "Because of the unique nature of domain names in electronic commerce and the resulting economic harm when marks are registered as domain names by cyberpirates," the use of the Continental Airlines Marks in <continentalair.com> constitutes dilution. *Pinehurst, Inc. v. Wick*, 256 F. Supp. 2d 424, 431-32 (M.D.N.C. 2003) (finding that the domains <pinehurstresort.com> and <pinehurstresorts.com> diluted plaintiff's registered PINEHURST and PINEHURST RESORT AND COUNTRY CLUB marks). A customer using the Internet would be "unable to discern any appreciable difference" between <continentalair.com> and the Continental Airlines Marks. *Id.*; *see also Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505, 511 (E.D. Va. 2003) (finding the use of "GMATPLUS" in the domain names <gmatplus.com> and <gmatplus.net> dilutive of plaintiff's registered GMAT trademark). Accordingly, the registrant's registration and use of <continentalair.com> is dilutive of the Continental Airlines Marks.

Having recommended a finding that the Continental Airlines Marks are both distinctive and famous, that <continentalair.com> is confusingly similar to the Continental Airlines Marks, and that <continentalair.com> is dilutive of the Continental Airlines Marks, the court now turns to the question of whether the registrant registered or used <continentalair.com> with a bad faith intent to profit. For at least the following reasons, the undersigned also recommends a finding that the registrant registered and has used <continentalair.com> with a bad faith intent to profit from the Continental Airlines Marks:

1. The Continental Airlines Marks, which the registrant has incorporated into <continentalair.com>, are distinctive and famous within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(IX);

2. The registrant has no valid trademark or intellectual property rights in the Continental Airlines Marks or <continentalair.com> within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(I);

3. <continentalair.com> does not consist of the registrant's legal name or in any way identify the registrant within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(II);

4 The registrant has not used <continentalair.com> in connection with the *bona fide* offering of any goods or services within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(III);

5. The registrant has not used <continentalair.com> for *bona fide* noncommercial purposes or within the fair use provisions of 15 U.S.C. § 1125(d)(1)(B)(i)(IV);

6. The registrant's intent in registering and using <continentalair.com> was to divert Continental Airlines' customers to Continental Airlines' competitors, profit from the fame of Continental Airlines, and harm the goodwill of the Continental Airlines Marks, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(V);

7. The registrant has offered and continues to offer to transfer <continentalair.com> to any third party for financial gain without having used, or having an intent to use, the domain name in the *bona fide* offering of any goods or services, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(VI);

8. The registrant provided material and misleading false contact information when applying to register <continentalair.com>, and has intentionally failed to maintain accurate contact information, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(VII); and

13

9. The registrant has shown a pattern of registering domain names which the registrant knew were identical or confusingly similar to marks of others that were distinctive at the time of the registrant's registration of such other domain names, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(VIII).

The ACPA provides that, upon a finding of a violation, the court has discretion to cancel the domain name registration or order it transferred to the trademark owner. 15 U.S.C. § 1125(d)(1); *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 232 (4th Cir. 2002) ("Transfer or cancellation of the defendant domain name[] is the only remedy available under § 1125(d)(2)'s *in rem* provision"). For these reasons, the undersigned magistrate judge recommends a finding that the registrant's actions have violated the ACPA, and that an order be entered requiring the registry VeriSign, Inc. to transfer the registrar for the domain name <continentalair.com> from Hangang Systems, Inc. to Network Solutions LLC and ordering Network Solutions LLC to transfer the registration of <continentalair.com> to Continental Airlines.

## NOTICE TO PARTIES

**Failure to file written objections to these proposed findings of fact and recommendations within ten (10) days after being served with a copy of the proposed findings of fact and recommendations may result in the waiver of any right to a *de novo* review of the proposed findings and recommendations and such failure shall bar you from attacking on appeal any findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error. A copy of these proposed findings of fact and recommendations shall be sent to the registrant of the domain name at the e-mail address**

15

(icomeon@korea.com) and postal address (Jim, 101 Guro 6(yuk)-dong Guro-su, Seoul, South Korea) provided to the registrar.

Entered this **3RD** day of November, 2009.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia